UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

DEC 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CRYSTAL FORD, mother and next
friend of the minor child
D.F.
4452 Douglas Street, NE
Washington, DC 20019
(202) 399-3940

    Plaintiff

    v.

GOVERNMENT OF THE DISTRICT
OF COLUMBIA
441 Fourth Street, N.W.
Washington, DC 20001
(202) 727-1000

Serve:

Robert Spanoletti,
Attorney General
District of Columbia
441 4th Street, N.W.
Washington, DC 20001
(202) 727-3400

and

Mayor Anthony Williams
Office of the Secretary
Tabetha Braxton, Designee
1350 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 727-6306

    Defendants

CIVIL ACTION NO.

CASE NUMBER 1:05CV02417

JUDGE: Richard W. Roberts

DECK TYPE: Civil Rights (non-employme

DATE STAMP: 12/15/2005

## COMPLAINT

(for declaratory and injunctive relief)

RECEIVED

DEC - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## JURISDICTION

1.      Plaintiff brings this Complaint seeking relief for denial of rights to due process, equal protection, and equal access to education, pursuant to the Civil Rights Act of 1871, 42 U.S.C. secs. 1983 and 1985; the Individuals with Disabilities Education Act of 1990 ("IDEA"), 20 U.S.C. secs. 1400 et seq; the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; Title II of the Americans with Disability Act of 1990 (ADA) 42 U.S.C. secs 12131 et seq; the Rehabilitation Act ("Section 504"), 29 U.S.C. secs. 701 et seq; and the Fifth Amendment to the Constitution of the United States. This Court has jurisdiction pursuant to 28 U.S.C. secs. 1331 and 1343; and pendant jurisdiction pursuant to 5 D.C. Mun. Regs. secs. 3000 et seq. Declaratory relief is authorized by 28 U.S.C. secs. 2201 and 2202.

2.      Plaintiff D.F. is a student attending a public charter school within the District of Columbia, and his mother, Crystal Ford, claimed District of Columbia residency for all of the time of the underlying administrative proceedings.

3.      Defendant is a municipal corporation. As one of it governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA.

## FACTS

1. D.F. is a 17 year old emotionally disturbed/mentally retarded student (multiple disabilities), residing in the District of Columbia, who has been deemed in need of a full time special education day school. D.F. currently attends the IDEA Public Charter School (hereinafter "IPCS), in the District of Columbia. He is currently suspended for poor behavior and he has significantly deficient levels of cognitive and academic functioning due to his mild mental retardation.

2. On August 11, 2005, a placement meeting was held at the IPCS. The DCPS placement representative for IPCS, Dwight Thomas, was invited to the meeting several times. Neither he nor any other DCPS representative attended the meeting. However the meeting was attended by the Parent, Parent's counsel, and all of the other relevant members of the placement team having knowledge of D.F. The meeting was also attended by a representative from Accotink Academy, a private, therapeutic, special education day school which the parent chose for her son. Accotink made a presentation to the placement team for their consideration. No other placement options were put forth. At the meeting's conclusion, the placement team came to a consensus that Accotink was the appropriate placement for D.F.

3. Subsequently, On August 19, 2005, the Parent filed a due process complaint alleging that the District of Columbia Public Schools (DCPS) denied D.F. a free appropriate public education (FAPE) by: (1) failing to properly place him in an appropriate, full-time MR/ED program; (2) failed to issue an appropriate notice of placement; (3) failed to fully inform the placement team as to how any public or non-public school was appropriate for the Student's needs; and (4) failed to fully inform the placement team as to the availability of any appropriate public or non-public placement option. In her request for relief, the Parent requested that the D.F. be immediately placed and funded, with transportation and ESY, at the Accotink Academy, in Springfield, Virginia for the upcoming 2005-2006 school year. The complaint was made only against DCPS, and not IPCS, since DCPS had the sole responsibility and authority to issue a placement notice.

4. DCPS never responded to the complaint in any manner whatsoever, as a required procedure under the Individuals with Disabilities Education Improvement Act (IDEIA). DCPS never filed an answer within ten days of receiving the complaint, never convened a resolution meeting

within fifteen days of receiving the complaint, and never resolved the complaint within thirty days of receiving the complaint.

5. On October 14, 2005, a due process hearing was held in this matter before Hearing Examiner Woods. At the due process hearing, DCPS counsel moved to dismiss the complaint as a preliminary matter. She argued that IPCS was the local education agency responsible for scheduling the resolution meeting. She further argued, because IPCS failed to schedule and convene a resolution meeting, that the parent failed to meet the procedural requirements of the IDEIA and that the hearing officer did not have the jurisdiction to hear the case. She contended that DCPS was not the LEA in this case and that DCPS was not responsible for convening the resolution meeting. Parent's counsel requested that the hearing officer reserve rendering his decision until he heard testimony and reviewed the evidence. Parent's counsel also argued that DCPS counsel's assertion that IPCS violated procedural requirements was legally incorrect. He asserted that DCPS was the local education agency for purposes of placement, not IPCS, and that DCPS had a duty to schedule the resolution meeting, but failed to do so. Also, Parent's counsel argued that IPCS was not a party to the complaint, and although parent's witnesses from IPCS were present at the hearing, that did not mean IPCS was a party to the complaint. The hearing officer refused to consider parent counsel's arguments, stating that his hands were tied by the procedural violation of IPCS not convening a resolution meeting, and that he could not even consider hearing the case if there had not been a resolution meeting. Subsequently, the hearing officer granted DCPS' motion and dismissed the case, without prejudice. However, on October 24, 2005, the Hearing Officer issued his final written decision holding that " . . . it is in the best

interest of the child to continue this case until after the parties convene a Resolution Meeting . . ." The Hearing Officer ordered the following:

> "1. The parties shall confer to determine whether the LEA, IDEA P.C.S. or DCPS as the SEA must schedule and convene the Resolution Meeting.
>
> 2. The parties shall make a good faith effort to resolve all issues at that Resolution Meeting.
>
> 3. And any unresolved issues that be resolved at a subsequent due process hearing scheduled through the Student Hearing Office by the parent after the Resolution Meeting.
>
> 4. There is no finding that D.F. was denied a FAPE.
>
> 5. And the hearing officer made no additional findings."

6. The hearing officer in question had the power and duty to decide whether DCPS or IPCS was the relevant LEA, yet he abdicated his responsibility to make that legal determination. When he continued this case and asked the parties to resolve a legal issue, he showed a disregard for the best interests of the student. He also has wasted valuable time in which this student could have been placed in a more appropriate placement. The hearing officer also abdicated his responsibility in not holding DCPS accountable for violating the 10-day, 15-day and 30-day time lines, when DCPS failed to file an answer, failed to convene the resolution meeting and failed to resolve the complaint within the respective time frames. The Hearing Officer should have admonished DCPS for violation of the statutory time lines and either proceeded with the hearing or granted a Parent's motion for directed finding. IPCS is not the LEA for purposes of placement. IPCS is not a party to this action and therefore, does not have the standing to give any of the

relief sought by the Parent, which includes issuing a placement notice. The Hearing Officer's ruling erroneously held IPCS responsible as a party. Furthermore, the Hearing Officer had no authority to order the parties or a non-party to meet to resolve a legal issue. Finally, as provided in the old and new IDEIA regulations, only DCPS has the regulatory authority to issue a placement notice after convening a placement meeting and participating in the placement decision.

7. To date, D.F. remains at IPCS without an appropriate school placement, approximately six months after DCPS was notified that he needed a change of placement.

## B. IRREPARABLE HARM

D.F. is a child who currently is unlawfully being deprived of his right to receive an education in an appropriate full time educational setting. The time that is passing is time that can never be recovered. D.F. currently languishes in limbo due to DCPS' failure to hold timely placement and resolution meetings, and Mr. Wood's failure to render a careful ruling in this case. The hearing officer had the power and duty to decide the legal issue of whether DCPS or IPCS was the relevant LEA, yet he abdicated his responsibility to make that legal determination. When he continued this case and asked the parties to resolve a legal issue, he showed a disregard for the best interests of the student. He also has wasted valuable time in which this student could have been placed in a more appropriate placement. The Hearing Officer had no authority to order the parties or a non-party to meet to resolve a legal issue. The hearing officer also abdicated his responsibility in not holding DCPS accountable for violating the 10-day, 15-day and 30-day time

lines, when DCPS failed to file an answer, failed to convene the resolution meeting and failed to resolve the complaint within the respective time frames. The Hearing Officer should have admonished DCPS for violation of the statutory time lines and either proceeded with the hearing or granted a Parent's motion for directed finding. IPCS is not the LEA for purposes of placement. IPCS is not a party to this action and therefore, does not have the standing to give any of the relief sought by the Parent, which includes issuing a placement notice. The Hearing Officer's ruling erroneously held IPCS responsible as a party. Finally, as provided under both the old and new regulations, only DCPS has the regulatory authority to issue a placement notice after convening a placement meeting and participating in the placement decision.

Given D.F.'s significantly deficient levels of cognitive and academic functioning due to his mild mental retardation, every day he is not appropriately placed means that the task of getting him on grade level is that much more difficult. Unless this Honorable Court compels the defendant to act, it is unlikely that D.F. will, at any time in the future, receive the services he requires.

Accordingly, because the defendant has so far neglected to provide D.F. with an appropriate educational placement as is required by federal law, and there is now no apparent effort being made by the defendant to do otherwise, it is clear that imminent and irreparable harm is occurring and will continue to occur.

## C. REMEDY

Plaintiff respectfully requests this Court to:

1.  Grant a preliminary injunction compelling the defendant, District of Columbia Public

Schools (hereinafter "DCPS"), to place and fund plaintiff's attendance at the Accotink Academy, Springfield, Virginia, a full time, therapeutic, special education program.

2. Award attorneys fees and costs to Plaintiff; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Ellen Douglass Dalton* /s/
Ellen Douglass Dalton, Esq.
Bar # 411612
1008 Pendleton Street
Alexandria, Virginia 22314-1837

*Talib S. Abdus-Shahid* /s/
Talib S. Abdus-Shahid, Esq.
Bar # 400602
1008 Pendleton Street
Alexandria, Virginia 22314-1837