UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CRYSTAL FORD, mother and next friend of minor child D.F., | ) ) ) |
| Plaintiff, | ) |
| v. | ) Case Number 1:05cv02417 (RWR) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

**DEFENDANTS' MOTION TO DISMISS**

Comes now defendant, District of Columbia, by and through counsel, and moves this Court to dismiss the Complaint, pursuant to FRCP 12 (b)(1), on the grounds that plaintiff has failed to comply with the applicable statute of limitations for filing an appeal from an administrative decision.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz  
MARIA L. MERKOWITZ [312967]  
Senior Assistant Attorney General  
441 4th Street, N.W.  
Sixth Floor South  
Washington, DC 20001  
(202) 442-9842  
FAX  -  (202) 727-3625  

February 8, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CRYSTAL FORD, mother and next friend of minor child D.F., ) | |
| Plaintiff, ) | |
| v. ) | Case Number 1:05cv02417 (RWR) |
| DISTRICT OF COLUMBIA, ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**Preliminary Statement**

On December 8, 2005,[1] plaintiff filed a Complaint pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, *et seq*., appealing a Hearing Officer's Determination ("HOD"), issued on October 24, 2005.

**Argument**

I. **Plaintiff's claim is barred by the applicable statute of limitations.**

Plaintiff's complaint is deficient because it was not timely filed. While the IDEA does not specify a limitations period for challenging a due process hearing determination, where Congress has not established a statute of limitations for a cause of action, "it is well-settled that federal courts may 'borrow' one from an analogous state cause of action, provided that the state limitations period is not inconsistent with underlying federal

---

[1] The Complaint bears a "Received" Stamp from the U.S. Court with the date December 8, 2005. The Clerk of the U.S. District Court entered the Complaint as filed on December 15, 2005. For purposes of this motion defendant will accept that plaintiff filed the Complaint on December 8, 2005.

policies." *Spiegler v. District of Columbia*, 866 F.2d 461, 463-464 (D.C. 1989). See also, *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985); *County of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 240 (1985); *Johnson v. Railway Express Agency, Inc.* 421 U.S. 454, 462 (1975).

In the District of Columbia, D.C. Court of Appeals Rule 15(a) is the applicable law which governs the review of an agency order. Rule 15 (a) provides that a petition for review must be filed within 30 days. This 30 day time limit is mandatory and jurisdictional. Once the time prescribed by the Rule has passed, the court is without power to hear the case. *Flores v. District of Columbia Rental Housing Commission*, 547 A2d 1000, 1003 (1988), cert. denied, 490 U.S. 1081 (1989) and the cases cited therein.

In *Spiegler supra,* the D.C. Circuit, in a case of first impression, concluded that an appeal of a hearing officer's determination under the IDEA "is sufficiently analogous to an appeal from an administrative decision to permit us to borrow the 30-day local limitations period for such appeals." *Id.* at 466. Subsequent rulings by courts in this jurisdiction have followed *Spiegler.* E.g., *Smith v. Squillacote,* 800 F.Supp. 993, 996 (D.D.C. 1992); *R.S. vs. District of Columbia*, Civil Action No. 03-1811(Mem Op. Nov. 17, 2003).

In the instant case, the Hearing Officer issued his decision on October 14, 2005. (Complaint at 4, par. 5) Thus, plaintiff needed to file her Complaint by November 14, 2005. However, plaintiff did not file her Complaint until December 8, 2005. While it is true that the Hearing Officer, in the instant case, stated in his decision that an appeal could be brought within 90 days of the issuance of his order, the Hearing Officer erred. Whether through oversight or inadvertence the Hearing Officer failed to take into account

the local law that mandates a 30 day statute of limitations. Because the statute of limitation governing the filing of an appeal from an HOD is jurisdictional the Hearing Officer is without power to change it. Accordingly, plaintiff was untimely in filing its appeal and her claim should be barred.

## Conclusion

For the foregoing reasons, defendant's motion should be granted and plaintiff's Complaint should be dismissed with prejudice.

>
> Respectfully submitted,
>
> ROBERT J. SPAGNOLETTI
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General for the District of Columbia
>
> /s/ Edward P. Taptich
> EDWARD P. TAPTICH [012914]
> Chief, Equity, Section 2
>
> /s/ Maria L. Merkowitz
> MARIA L. MERKOWITZ [312967]
> Senior Assistant Attorney General
> 441 4th Street, N.W.
> Sixth Floor South
> Washington, DC 20001
> (202) 442-9842
> FAX - (202) 727-3625

February 8, 2006